IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES C. KALBAS, AND<br>BYRON J. KALBAS.<br><br>  Defendants. | CIVIL NO:   1:24-cv-00239 |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7402, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action to reduce to judgment unpaid federal tax liabilities owed by James Carl Kalbas (James C. Kalbas) and Byron James Kalbas (Byron J. Kalbas). For its complaint, the United States alleges as follows:

**Jurisdiction, Venue, and Parties**

1. Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the defendants reside in this district and the tax liabilities at issue arose in this district.

3. Plaintiff is the United States of America.

4. Defendant James C. Kalbas resides in Giddings, Lee County, Texas, within the jurisdiction of this Court and is sued for judgment of personal liability.

5. Defendant Byron J. Kalbas resides in Giddings, Lee County, Texas, within the jurisdiction of this Court and is sued for a judgment of personal liability.

### COUNT 1
#### JUDGMENT AGAINST JAMES C. KALBAS FOR SECTION 6672 TRUST FUND EMPLOYMENT TAX LIABILITY

6. On the following dates, a delegate of the Secretary of the Treasury made assessments against the James C. Kalbas pursuant to the provisions of 26 U.S.C. § 6672 by reason of his willful failure to collect, truthfully account for and pay over to the United States the trust fund portion of federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of employees of B & N Oilfield Equipment Co., Inc., in regard to the following periods and in the following amounts (collectively, "the trust fund tax liabilities").

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 09/25/2023 |
|---|---|---|---|
| 03/31/2015 | 08/01/2018 | $66,230.30 | $34,237.77 |
| 06/30/2015 | 08/01/2018 | $56,995.21 | $72,614.87 |
| 09/30//2015 | 08/01/2018 | $64,018.79 | $81,563.27 |
| 12/31/2015 | 08/01/2018 | $61,305.02 | $78,105.78 |
| 03/31/2016 | 08/01/2018 | $46,992.40 | $59,781.57 |
| 06/30/2016 | 08/01/2018 | $42,548.23 | $54,208.65 |
| 09/30/2016 | 08/01/2018 | $48,236.64 | $61,456.00 |
| 12/313/2016 | 08/01/2018 | $47,609.06 | $60,656.44 |
| 03/31/2017 | 08/01/2018 | $47,568.45 | $51,177.57 |
| 06/30/2017 | 08/01/2018 | $47,053.64 | $59,948.79 |
| 09/30/2017 | 08/01/2018 | $35,303.97 | $44,690.47 |
| Total | | | $658,441.18 |

7. A delegate of the Secretary of the Treasury gave notice and demand for payment of the trust fund tax liabilities described above to James C. Kalbas.

8. Despite notice and demand, James C. Kalbas has failed, neglected, or refused to pay fully the above-described trust fund liabilities. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the trust fund tax liabilities described above had a $658,441 unpaid balance due as of September 25, 2023.

9. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that James C. Kalbas is liable to the United States for trust fund tax liabilities in the amount of $658,441 as of September 25, 2023, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

### COUNT 2
### JUDGMENT AGAINST BYRON J. KALBAS FOR SECTION 6672 TRUST FUND EMPLOYMENT TAX LIABILITY

10. On the following dates, a delegate of the Secretary of the Treasury made assessments against the Byron J. Kalbas pursuant to the provisions of 26 U.S.C. § 6672 by reason of his willful failure to collect, truthfully account for and pay over to the United States the trust fund portion of federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of employees of B & N Oilfield Equipment Co., Inc., in regard to the following periods and in the following amounts (collectively, "the trust fund tax liabilities").

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 09/25/2023 |
|---|---|---|---|
| 03/31/2015 | 08/01/2018 | $66,230.30 | $34,237.45 |
| 06/30/2015 | 08/01/2018 | $56,995.21 | $72,614.87 |
| 09/30//2015 | 08/01/2018 | $64,018.79 | $81,563.27 |
| 12/31/2015 | 08/01/2018 | $61,305.02 | $78,105.78 |
| 03/31/2016 | 08/01/2018 | $46,992.40 | $59,781.57 |
| 06/30/2016 | 08/01/2018 | $42,548.23 | $54,208.65 |
| 09/30/2016 | 08/01/2018 | $48,236.64 | $61,456.00 |

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 09/25/2023 |
|---|---|---|---|
| 12/313/2016 | 08/01/2018 | $47,609.06 | $60,656.44 |
| 03/31/2017 | 08/01/2018 | $47,568.45 | $51,177.57 |
| 06/30/2017 | 08/01/2018 | $47,053.64 | $59,948.79 |
| 09/30/2017 | 09/17/2018 | $35,303.97 | $44,690.47 |
| **Total** | | | **$658,440.86** |

11. A delegate of the Secretary of the Treasury gave notice and demand for payment of the trust fund tax liabilities described above to Byron J. Kalbas.

12. Despite notice and demand, Byron J. Kalbas has failed, neglected, or refused to pay fully the above-described trust fund liabilities. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the trust fund tax liabilities described above had a $658,441 unpaid balance due as of September 25, 2023.

13. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Byron J. Kalbas is liable to the United States for trust fund tax liabilities in the amount of $658,441 as of September 25, 2023, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

### COUNT 3
### JUDGMENT AGAINST JAMES C. KALBAS FOR FAILURE TO HONOR IRS LEVY

14. On November 10, 2021, the IRS served a Form 668-W Notice of Levy on Wages, Salary, and Other Income of James C. Kalbas to B & N Oilfield Equipment Co. Inc., (hereafter B & N Oilfield) via certified mail (hereafter the IRS Levy). Byron J. Kalbas signed the return receipt for the IRS Levy on behalf of B & N Oilfield.

15. James C. Kalbas was one of the owners and an officer (President) of B & N Oilfield who had a duty to comply with the IRS Levy but failed to do so.

16. Despite the IRS Levy for the salary or wages of James C. Kalbas, B & N Oilfield made salary or wage payments from its Classic Bank checking account to James C. Kalbas from November 10, 2021, through March 23, 2022, totaling $35,793. The word "payroll" was written in the memo section of each check. The checks were signed and endorsed by James C. Kalbas.

17. On January 7, 2022, the IRS issued a Final Demand for Payment of the IRS Levy, Form 668-C, via certified mail to B & N Oilfield. The Final Demand was received by B & N Oilfield on January 10, 2022.

18. Pursuant to 26 U.S.C. § 6331(e), the IRS Levy on salary and wages of James C. Kalbas was a continuous levy that once served on B & N Oilfield continued to attach to each subsequent payment of his salary or wages.

19. On information and belief, B & N Oilfield made additional wage or salary payments of more than $128,000 to James C. Kalbas after March 23, 2022.

20. B & N Oilfield and James C. Kalbas' failure or refusal to comply with the IRS Levy was without reasonable cause.

21. Pursuant to 26 U.S.C. §§ 7402, 6332(d)(1), (f), the United States is entitled to a judgment that James C. Kalbas is liable to the United States for salary or wages of James C. Kalbas not remitted to the IRS by B & N Oilfield pursuant to the IRS Levy, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), from the date of each wage or salary payment not remitted to the IRS.

22. Pursuant to 26 U.S.C. §§ 7402 and 6332(d)(2), (f), the United States is also entitled to a judgment that James C. Kalbas is liable for a penalty equal to 50% of the amount of his salary or wages that B & N Oilfield failed to remit to the IRS after B & N Oilfield received

the IRS Levy, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. §§ 1961(c), from the date of each wage or salary payment not remitted to the IRS.

## PRAYER

WHEREFORE, the United States of America prays for a judgment that;

A. James C. Kalbas is liable and indebted to the United States pursuant to 26 U.S.C. § 6672 for trust fund tax liabilities arising out B&N Oilfield Equipment Company, Inc., for the quarters ended March 31, 2015 through September 30, 2017 in the amount of $658,441 as of September 25, 2023, plus statutory additions and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid,

B. Byron J. Kalbas is liable and indebted to the United States pursuant to 26 U.S.C. § 6672 for trust fund tax liabilities arising out B&N Oilfield Equipment Company, Inc., for the quarters ended March 31, 2015 through September 30, 2017 in the amount of $658,441 as of September 25, 2023, plus statutory additions and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

C. James C. Kalbas is liable and indebted to the United States pursuant to 26 U.S.C. §§ 6332(d)(1) and (f) for failure to honor IRS levies issued to B&N Oilfield Equipment Co., Inc., in the amount of $35,793 as of March 23, 2022, or such greater amount as the United States may prove, plus statutory additions and prejudgment and post judgment interest

thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

D. James C. Kalbas is liable and indebted to the United States pursuant to 26 U.S.C. §§ 6332(d)(2) and (f) for failure to honor IRS levies issued to B&N Oilfield Equipment Co., Inc., in the amount of $17,896 as of March 23, 2022, or such greater amount as the United States may prove, plus statutory additions and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

E. Awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

Respectfully submitted,

*/s/ Andrew L. Sobotka*
ANDREW L. SOBOTKA
Texas Bar No. 18819900
U. S. Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9736
214-880-9741 (fax)
Andrew.L.Sobotka@usdoj.gov
**ATTORNEY FOR THE UNITED STATES**